## LANCASTER *v.* COLLINS.

*(Circuit Court, E. D. Missouri.* January 24, 1881.)

1. NOTICE—OFFICER—INDIVIDUAL.

A person will be held to have notice as an individual of what he does as president of a corporation.

2. SAME—FRAUDULENT TRANSFER.

A., the indorser of a promissory note, was sued together with B., the maker, by E., an innocent holder for value, and judgment was recovered, part of which A. paid, and then sued B. for the amount so disbursed. B. set up as a defence in his answer that the note had been given by him, indorsed by A., to F., a corporation, in part payment for stock in F., of which A. was president; that the balance due on the stock was paid in cash and the note secured by a deposit of the stock with A.; that F. agreed with B. that he might, within one year from the date of the note, have the privilege of forfeiting the stock and cash paid, and be released from all obligation to F., and that in the mean time the note should not be negotiated; that B. had been induced by A. to make the agreement; that A., as president of F., negotiated the note contrary to the agreement; and that B. had, within the year, notified F. that he elected to forfeit the cash and stock and be released, as aforesaid. *Held,* that the answer set up a good defence.

Motion for Judgment on Answer.

*George A. Castleman,* for plaintiff.

*D. P. Dyer,* for defendant.

TREAT, D. J. The petition sets out the making by defendant of a note, to the order of the Big Muddy Iron Company, for $10,000, on which there were successive indorsements. The plaintiff was one of the indorsers before maturity. After demand, protest, and notice, the innocent holder of the note for value brought suit, and obtained judgment against the defendant (the maker of said note) and some indorsers, including the plaintiff. By the proceedings had on said judgment, the plaintiff, as indorser, paid one-half of the amount thereof, and now brings this suit to recover of the maker (the defendant) what the plaintiff thus paid under judicial process. The defence is that the plaintiff, being president of the Big Muddy Iron Company, solicited the defendant to subscribe to certain shares of the capital stock

of said company, under an agreement for the payment of $3,000 in cash, and the execution by defendant of his note for $10,000, payable in 90 days; said shares to be deposited with plaintiff as collateral to the note, and with the privilege to defendant of renewal, and, within one year, to forfeit the cash paid and the shares of stock, and be discharged of all further obligation on the note. The notice of said right to elect a forfeiture was duly given by the defendant. Whether said shares of stock were duly forfeited to the company, or the same were surrendered by the plaintiff accordingly, pursuant to defendant's notice, does not appear; but it is averred, in the answer, that the plaintiff never has tendered to defendant the said shares.

In this state of the pleadings a motion for judgment on the answer is interposed.

The plaintiff was the fourth indorser, with full knowledge of all the facts stated, for he had, as president of the company, negotiated the transaction, and presumably the note had been negotiated, with his knowledge, in violation of the agreement. Said note being negotiable in form, innocent parties for value had a right to rely upon its tenor. Hence judgment was had upon it by an innocent holder for value against the defendant, plaintiff, and others. The plaintiff paid part of said judgment. What, then, under the averments, is the right of the plaintiff as against this defendant. He induced the stock subscription and the giving of the note under the agreement made. After prior indorsements, to which the plaintiff added his indorsement, the note was negotiated to the bank. He is not only charged with notice of the original equities, but had actual knowledge thereof, and the proceeds of said note, presumably, went to the company of which he was president, or to himself personally. As to third parties, his obligation as indorser was perfect; but, as between him and the maker, what were his rights and duties? He knew that the note was to be renewed and finally cancelled on notice and the shares surrendered, which shares were deposited with him for the purpose. He was the promoter of the corporate scheme, and on the faith of the agree-

ment made by him with the defendant the note was delivered. Had the note remained in the hands of the comany, as agreed, it would have been subject to the terms of the agreement. When the company passed said note to the first indorsee, if an innocent holder for value, the latter had a right of action thereon against the maker and the company who indorsed the same. The note, through the indorsement of the first and of a second indorsee, passed to the plaintiff, who knew all the facts and was charged with the original equities. Why, then, is he not subject to said equities? Can the fact be that while he, as president of the company, made the agreement, he, as an individual, is exempt from the equities, because he acted in different capacities in different stages of the transaction?

The case, as made by the pleadings, may be briefly stated: The president of a corporation induced a subscription for shares on the terms named, and had placed in his hands the shares of stock accordingly. In order to negotiate the note, and enable the corporation to realize thereon, he became the last indorser. The last holder obtained judgment, of which the plaintiff had a part, still holding the shares of stock under the circumstances stated. What are his legal rights against the maker of the note? What he knew as president of the company he knew privately. He knew, consequently, that the note was to be renewed, and that the obligation of the maker was to cease on notice given, and the shares of stock in his hands to be forfeited, whereby the maker of the note (the defendant) was to lose the $3,000 in cash paid by him, and all interest in the shares of stock. The relationship of the plaintiff to defendant in this transaction is not so clearly stated as might be desirable; yet enough is disclosed to show that if what is averred in the answer be true there can be no recovery.

If the court looks carefully into the transaction it may be that the plaintiff, in order to raise funds for the corporation, or for his private purposes, disposed of the note, with his indorsement, regardless of the agreement made. He had the shares in his hands as collateral, and subject to forfeiture, and may have been satisfied therewith as sufficient indemnity.

If the note had never been negotiated, then, on notice given by the defendant, the $3,000 paid in cash, and the shares of stock, would have been forfeited to the corporation, and the transaction closed. But the corporation, despite the agreement, set the note afloat, whereby innocent holders for value were protected, but the plaintiff, who was not an innocent holder, and who knew the facts, cannot hold the defendant for what he (the plaintiff) has had to pay through his own agency in this scheme to defeat the rights of the defendant. If the plaintiff acted in this matter, at the outcome, for said corporation, it may or may not be that he has a cause of action against said corporation. He cannot, however, sever his knowledge as president from his private knowledge of what he did as president. He knew the equities and is chargeable therewith; wherefore, the motion for judgment must be overruled.